AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES OF AMERICA          JUDGMENT IN A CRIMINAL CASE
vs.
                                  CASE NUMBER:    3:08-cr-00116-HDM-VPC
KEVIN EARNEST WALKER              USM NUMBER:     43141-048

                                  Cynthia Hahn, AFPD
**THE DEFENDANT**:                DEFENDANT'S ATTORNEY

(XX)   pled guilty to Count One of Single Count Indictment filed 11/19/2008
( )    pled nolo contendere to count(s) _____ which was accepted by the court.
( )    was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| **Title & Section** | **Nature of Offense** | **Date Offense Ended** | **Count** |
|---|---|---|---|
| 18, U.S.C. §2113(a) | Bank Robbery | 10/31/2008 | One |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

( )   The defendant has been found not guilty on count(s) _____
( )   Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 14, 2009
Date of Imposition of Judgment

*[signature]*
Signature of Judge

HOWARD D. McKIBBEN
SENIOR U.S. DISTRICT JUDGE
Name and Title of Judge

April 15, 2009
Date

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
          Sheet 2 - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | KEVIN EARNEST WALKER | Judgment - Page 2 |
| CASE NUMBER: | 3:08-cr-00116-HDM-VPC | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FORTY-TWO (42) MONTHS.**

(XX)   The court makes the following recommendations to the Bureau of Prisons:
       **Recommendation for placement of Defendant at FCI Herlong.**

(XX)   The defendant is remanded to the custody of the United States Marshal.

( )    The defendant shall surrender to the United States Marshal for this district:
       ( )   at _____ a.m./p.m. on _____
       ( )   as notified by the United States Marshal.

( )    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       ( )   before 2 p.m. on _____
       ( )   as notified by the United States Marshal.
       ( )   as notified by the Probation of Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

       Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

                                              _____
                                              UNITED STATES MARSHAL

                                              BY:  _____
                                                   Deputy United States Marshal

AO 245B   (Rev 09/08) Judgment in a Criminal Case
    Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT: KEVIN EARNEST WALKER | Judgment - Page 3 |
| CASE NUMBER: 3:08-cr-00116-HDM-VPC | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**.
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 drug tests annually. Revocation is mandatory for refusal to comply.

( )     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
(XX)   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
(XX)   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
( )     The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) As directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides., works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)
( )     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
     Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | KEVIN EARNEST WALKER | Judgment - Page 4 |
| CASE NUMBER: | 3:08-cr-00116-HDM-VPC | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapon - The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. Warrantless Search - The defendant shall submit to the search of his person, and any property, residence, or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

3. Debt Obligation - The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts, without the approval of the probation officer.

4. Access to Financial Information - The defendant shall provide the probation officer access to any requested financial information, including personal income taxes, authorization for release of credit information, and any other business financial information in which the defendant has a control or interest.

5. Alcohol Abstinence - The defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants.

6. Substance Abuse Treatment - The defendant shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing, outpatient counseling, or residential placement, as approved and directed by the probation officer. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer based upon the defendant's ability to pay.

7. Report to Probation Officer After Release from Custody. The defendant shall report, in person, to the probation office in the district to which he is released within 72 hours of discharge from custody.

AO 245B  (Rev 09/08) Judgment in a Criminal Case
         Sheet 5 - Criminal Monetary Penalties

| | | |
|---|---|---|
| DEFENDANT: | KEVIN EARNEST WALKER | Judgment - Page  5 |
| CASE NUMBER: | 3:08-cr-00116-HDM-VPC | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $100.00<br>Due and payable immediately. | None | $1,283.00*<br>*Less $90.00 of Restitution<br>to be returned by FBI to bank. |

( )   On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

( )   The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

**(XX)**  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| **Clerk, U.S. District Court**<br>**Attn: Financial Officer**<br>**Case No. 3:08-cr-116-HDM-VPC**<br>**333 Las Vegas Boulevard, South**<br>**Las Vegas, NV 89101** | | $1,283.00 | |
| TOTALS : | $_____ | $1,283.00*<br>*Less $90.00 of Restitution<br>to be returned by FBI to bank. | |

Restitution amount ordered pursuant to plea agreement: $ _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   the interest requirement is waived for the:  ( ) fine  **(XX)** restitution.
   the interest requirement for the:  ( ) fine  ( ) restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B   (Rev 06/05) Judgment in a Criminal Case
    Sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT:     KEVIN EARNEST WALKER | Judgment - Page 6 |
| CASE NUMBER:    3:08-cr-00116-HDM-VPC | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    (**XX**)    Lump sum payment of $ 100.00 due immediately, balance due
              ( )    not later than _____ ; or
              ( )    in accordance with ( ) C, ( ) D, or ( ) E below; or

B    ( )    Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) E below; or

C    ( )    Payment in _____ (e.g., weekly, monthly, quarterly) installments of
             $ _____ over a period of _____ (e.g. months or years), to _____
             _ (e.g., 30 or 60 days) after the date of this judgment; or

D    ( )    Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period
             of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from
             imprisonment to a term is supervision; or

E             Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days)
             after release from imprisonment. The court will set the payment plan based on an assessment of the
             defendant's ability to pay at that time; or

F    (**XX**)    Special instructions regarding the payment of criminal monetary penalties:
             **Restitution shall be payable at a rate of not less than 10% of gross income, subject to any adjustment by Court based upon the Defendant's ability to pay. Interest on Restitution shall be held in abeyance.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

( )    Joint and Several
        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

( )    The defendant shall pay the cost of prosecution.

( )    The defendant shall pay the following court cost(s):

( )    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.